[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16018
Non-Argument Calendar

_____

D. C. Docket No. 08-00221-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANIER QUINTERO RENDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 29, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Janier Quintero Rendon appeals his 135-month sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Rendon was apprehended while aboard a vessel carrying 57 bales (1140 kilograms) of cocaine. Also aboard the vessel were seven other crew members, one of whom identified himself as the captain. With the possible exception of the captain, all crew members were simple laborers, played essentially the same role in the endeavor, and were of equal culpability. Rendon argues that he had no ownership interest in the vessel, played no organizational or leadership role in the offense, and used no special skills or specialized knowledge. In short, Rendon characterizes himself as a member of an impoverished crew; a mere courier. According to Rendon, he was less culpable than other persons -- albeit not aboard the boat when it was interdicted by the Coast Guard -- who had an ownership interest in the drugs or vessel or a more direct relationship with the drug manufacturers, wholesalers and financiers.

Rendon asserts that the sentence imposed is procedurally unreasonable

because no minor role reduction adjustment was granted pursuant to U.S.S.G. §§ 3B1.2 and 2D1.1(a)(3);* he asserts that the sentence is substantively unreasonable because the district court erred in its consideration of the factors set out in 18 U.S.C. § 3553(a)(1).

To craft a reasonable sentence, a district court must first calculate correctly the guideline range and must next consider the factors listed in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). If no procedural infirmity is shown, the substantive reasonableness of a sentence is reviewed under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). We review a district court's assessment of a defendant's role in the offense for clear error, United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999); and the district court enjoys "considerable discretion in making this fact-intensive determination." Id. at 946. The defendant bears the burden of establishing his role by a preponderance of the evidence. Id. at 939.

In De Varon, we set out two elements that are to inform the sentencing court's role-in-an-offense determination: (1) the defendant's role in the relevant conduct for which he has been held accountable, and (2) the defendant's role as

---

*The Government argues that Rendon failed in district court to request a mitigating role adjustment and that, therefore, this challenge on appeal is subject to plain error review. Because we conclude no error -- plain or otherwise -- has been shown, we need not determine whether Rendon preserved properly this issue for review.

3

compared to that of other participants in this relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first element is the more important and, in many cases, may end the inquiry. See id. at 945.

Rendon failed to carry his burden in support of a role reduction; no clear error has been shown. Rendon's sentence was based only on the relevant conduct for which he was held accountable: the 57 bales of cocaine seized from the drug smuggling boat. Rendon was one of only eight persons on a boat carrying a very large cocaine shipment; his role was similar to that of the other crew members, except for the captain. Rendon seeks to have his culpability assessed against that of unknown persons in the upper echelons of the conspiracy; he fails to show that he was "less culpable than *most other participants* in [his] relevant conduct." Id. at 944 (emphasis in original). The district court committed no procedural error in

4

calculating Rendon's guidelines range.

Rendon's claim of substantive unreasonableness also is without merit. According to Rendon, the district court erred in its consideration of the section 3553(a) factors, especially Rendon's clean prior criminal history, his family's dependence upon him, and the extensive assistance he offered the Government at some risk to his own and his family's safety. But Rendon's within-guidelines 135-month sentence is at the low end of the 135 to 168-month guidelines range. Our ordinary expectation is that a sentence that falls within the guidelines is reasonable; the party challenging sentence bears the burden of establishing unreasonableness in the light of the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The sentencing court stated expressly that it had considered the section 3553(a) factors in crafting a sentence that was sufficient but not greater than necessary to satisfy the statutory purposes of sentencing. The seriousness of the offense, the enormous quantity of drugs involved, the danger involved to the perpetrators and enforcement personnel, and the sentences meted out to others in similar cases were cited in support of the district court's decision. In the light of the record and the section 3553(a) factors, Rendon fails to show unreasonableness.

The sentence imposed -- at the low end of the guidelines range and well below the statutory maximum of life imprisonment -- was substantively reasonable.

AFFIRMED.